# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bokhary Foods, Inc<br>                    PLAINTIFF<br><br>            v.<br><br>Southern Foods, Inc<br>                    DEFENDANTS. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff Bokhary Foods, Inc. ("Bokhary") hereby alleges as follows for its complaint against

Defendant Southern Foods, Inc. ("Southern"):

## THE PARTIES

1.   Bokhary Foods, the plaintiff, is a Massachusetts Corporation having its principal place of

business at 315 Moody Street Waltham, MA 02453.

2.   On information and belief, defendant, Southern Foods, Inc., is a Massachusetts

Corporation having its principal place of business at nine Cummings Park, Woburn, MA,

01810.

3.   Southern Foods, includes a division named Godavari Indian Restaurants, with a common

principal place of business, stated above. Southern Foods has committed the wrongful

acts, complained of herein, within this judicial district and elsewhere.

**JURISDICTION AND VENUE**

4. This is a civil action for patent infringement, trademark infringement, unfair competition, and false designations, descriptions, and representations arising under the laws of the United States and under the state law and common law of the Commonwealth of Massachusetts.

5. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. This court has personal jurisdiction over Defendant,  upon information and belief, Defendant has knowingly and purposefully transacted business in Massachusetts by selling, offering to sell, and/or distributing products, promotional materials, and advertisements to residents of Massachusetts. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs, and jurisdiction is, therefore, proper pursuant to 28 U.S.C. § 1332(a), (b), and (c).  Furthermore, this court has jurisdiction over this case pursuant to 15 U.S.C. A. § 114(a) of the Lanham Act.

7.  On information and belief, Defendant conducts business in this judicial district, Defendant has caused tortious injury in this commonwealth through the wrongful acts complained of herein, and/or the infringing goods have been advertised and/or distributed in this state and, therefore, this court has personal jurisdiction over Defendant under the

Massachusetts long arm statute, M.G.L. Ch. 223A, Section 3, and venue is proper under

28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. Plaintiff is the owner of the Godavari trademark, registration number 4426537.  Plaintiff

   located at Bokhary Foods of 315 Moody Street Waltham, MA 02453.  The Godavari

   trademark was registered October 29, 2013.  The Godavari trademark specifies food

   Products that are from the Godavari River.  Godavari is a well-known river to the people

   of Eastern India, who have over 80 specific food dishes.   Bokhary has a wide variety of

   food products, sold to the public, and has been utilizing their product since its registration

   October 28, 2013.

8. Godavari food products are sold in stores, and bear the Godavari trademark prominently

   on their labels.  Plaintiff has spent substantial monetary sums to market the brand and to

   show that it is NOT related to the Godavari River of India.  While, in India, the rivers

   name is well known, in the United States of America the Godavari trademark has taken

   on its own meaning.

9. Defendant has a duplicate trademark for Godavari, registered May, 10th, 2016,

   registration number 4955437, the Defendant was aware of the fact that Plaintiff had,

   previously, informed them of their trademark.  Defendant has continued to utilize the

   Godavari's trademark as a draw in customers.

10. Defendant is completely aware that their trademark was directly contrary to the previously acquired plaintiff's trademark.  Plaintiff has made numerous attempts to stop Defendant's use of the mark.  However, defendant has continued to make use of the Godavari name without any licensure or permission of the plaintiff trademark owner. The Defendants continued use of the Godavari mark has caused plaintiff to be seen as both a food provider and a restaurant chain.  At no point has defendant attempted to distance their name from Plaintiff's trademark.

11. Defendant states in a manner, which falsely suggests that, the Godavari trademark and name are their property, and that the defendant develops all Godavari goods.

12. Defendant, using the Godavari trademark, has even begun to franchise out the idea to patrons.  The actions of Defendant, utilizing the good will of Plaintiff, have caused a noticeable decline in the sales of Plaintiff.

13. Defendant's use of the trademark, without permission, has caused plaintiff to suffer losses to both sales and in potential client's belief that the defendant's restaurant is the same as the Plaintiff's trademark.

## COUNT I FEDERAL TRADEMARK INFRINGEMENT

14. This Cause of Action for Federal Trademark Infringement arises under § 32 of the Lanham Act, 15 U.S.C. § 1114(a) et seq.

15. Defendant use of the product Godavari in commerce is likely to cause confusion, mistake, or deception as to the origin of the Defendant's products and mislead purchasers and potential purchasers of the Defendants products to believe that the Defendants products are those of the Plaintiff or are sponsored by them.

16. Godavari is a trademarked product of Plaintiff, trademark registration number 4426537, issued October 29, 2013.  The above stated acts of the defendant, use of the name Godavari as their own trademark, constitute infringement of the plaintiff's trademark in violation of § 32 of the Lanham Act, 15 U.S.C. 1114.

17. Such use of the trademark has been and continues to be willful and deliberate.

18. Plaintiff has given the Defendant written notice of its infringement.

19. The above stated acts of infringement by the defendant have caused, and will continue to cause, irreparable injury, loss, and damage to Plaintiff.


### COUNT II COMMON LAW TRADEMARK INFRINGEMENT

20. This cause of action for trademark infringement arises under the common law of Massachusetts.

21. Defendant's use of Godavari wordmark is likely to cause confusion, mistake, or deception as to the origin of Defendant's products and mislead purchasers and potential purchasers of Defendant's products to believe that Defendant's products originate from, or are in some way related to the Plaintiff.

22. The above stated actions of the Defendant constitute infringement of Plaintiff's Godavari trademark, in violation of the common law of Massachusetts.

23. Plaintiff has suffered damage to its business and or good will because of the Defendant's conduct, and the defendant is being unjustly enriched.

24. Plaintiff has given written notice to the defendant.

25. The aforesaid acts of Defendant have caused, and unless enjoined by this court, will continue to cause, irreparable damage, loss, and injury to Plaintiff.

## COUNT III DILUTION

26. This cause of action arises under 15 U.S.C. 1125(c) of the Lanham Act.

27. Plaintiff is the creator of Godavari, as described above, a "famous" mark known throughout the region. Godavari food products are well known to the community.

28. Defendant knew, or should have known, of the Godavari trademark used in the same geographical location at the time they utilized the trademark.

29. As a direct result of the Defendant's usage of their trademark, Plaintiff's trademark has become "blurred" and has lost, and/or, will continue to lose its ability to serve as a unique identifier of the plaintiff's product.

30. Defendant's infringement on Plaintiff's mark has caused, and will continue to cause, consumers to mistakenly associate the "famous" Plaintiff's mark with the, Defendant's inferior or offensive trademark.

31. The defendant's continued use of its mark has caused, and will continue to cause, irreparable harm and injury to the franchisor and to the franchisor's reputation and goodwill, for which the franchisor has no adequate remedy at law.

32. The threat of future injury to the general public and to the franchisor's business, identity, goodwill and reputation necessitates the award of injunctive relief to prevent the

Defendant's continued wrongful and false acts and/or the use and infringement of the franchisor's registered name and marks.

## COUNT IV UNFAIR COMPETITION

33. This cause of action arises under 15 U.S.C. 1125(c) of the Lanham Act.

34. Plaintiff is the owner of Godavari Trademark, registration number 4426537, issued October 29, 2013.

35. Defendant willfully ignored Plaintiff's trademark, Defendant's use constitutes a use in commerce of a false designation of origin and/or a misleading description or representation intended to misrepresent the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

36. Defendant's acts, practices and conduct constitute unfair competition, false designation, false advertising, and/or unfair and deceptive trade practices in that they are likely to cause confusion and mistake by the franchisor's customers, suppliers and franchisees, and the general public.

37. As a direct result of Defendant's use of the trademark, Plaintiff has, and will continue to, suffer irreparable harm, damage to company goodwill, and injury as a result of willful misuse of the mark.

38. Plaintiff has no adequate remedy at law.

39. The Plaintiff, and the general public's, injury as a direct result of the defendant's infringement necessitates an award of injunctive relief against the defendants continued use of the infringing mark.

## COUNT V FALSE ADVERTISING

40. This cause of action arises under 15 U.S.C. 1125(a) of the Lanham Act.

41. Plaintiff is the owner of Godavari Trademark, registration number 4426537, issued October 29, 2013.

42. The Plaintiff's trademark has become inherently distinctive, famous, or has acquired a secondary meaning.

43. The Defendant has continued to misuse the Plaintiff's trademark in commerce as a false designation of the goods origin and or a misleading description or representation intended to misrepresent the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

44. The Defendant's actions, practices and conduct, have caused, and will continue to cause a likelihood of confusion among the plaintiff's customers, suppliers, and the public.

45. As a direct or proximate cause of the above-mentioned acts, the Plaintiff has been, and may continue to be, substantially damaged in its business reputation and goodwill.

### Prayer for Relief

Wherefore the Plaintiff prays for the following relief:

That the defendants and all officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them be enjoined and restrained during the prayer pendency of this action permanently there after from using the name, mark or designation GODAVARI or any confusingly similar name or mark in connection with identifying defendants business.

That Plaintiff recover from Defendant the amount of damages sustained by Plaintiff as found by the Court, in consequence of Defendant's unlawful acts, together with appropriate interest on such damages, and that, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, such damages may be Trebled.

## Jury Trial Demand

In accordance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted

Marcus L. Scott, Esq. #692433

Marcus@Scottcollinslaw.com

ScottCollins LLP.

30 Massachusetts Ave. 01845

N. Andover, MA